HOFLAND & TOMSHECK
JASON F. CARR, ESQ.
Nevada State Bar No. 06587
228 S. 4th Street, First Floor
Las Vegas, Nevada 89101
(702) 895-6760
(702) 895-6910(Fax)
JasonC@Hoflandlaw.com

Counsel for Defendant **Agazaryan**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff/Appellee,<br><br>     v.<br><br>TARON AGAZARYAN,<br><br>         Defendants/Appellants. | Case No. 2:21-cr-00302-JCM-DJA |

**UNOPPOSED MOTION TO ALLOW PRETRIAL SERVICES TO REVISE THE PRESENTENCE INVESTIGATION REPORT TO INCLUDE NEW MEDICAL INFORMATION**

**BASIS FOR THE REQUEST TO ALLOW PROBATION TO REVISE THE CURRENT PRESENTENCE INVESTIGATION REPORT**

Appointed CJA counsel for Defendant Agazaryan, Jason F. Carr, Esq., hereby files this unopposed Motion to allow the Office of Probation for the District of Nevada to update Mr. Agazaryan's Presentence Investigation Report with new information about Mr. Agazaryan's medical condition.

On November 4, 2024, this Court intended to conduct Mr. Agazaryan's sentencing proceeding. That sentencing did not occur as Mr. Agazaryan expressed concerns about his plea agreement and wished to explore whether to withdrawal his plea. (*See* ECF No. 221 (minutes).) This Court appointed the undersigned counsel to represent Mr. Agazaryan. (*See* ECF No. 222.)

There is a companion case to this matter that is pending in the Central District of California. The sentencing in that matter is on hold until this Court sentences Mr. Agazaryan. As noted in the District of Nevada's plea agreement, the Nevada sentence is to run concurrent to the California federal sentence. (*See* ECF No. 215 at 10.) The California plea agreement has the same language.

Therefore, at issue are plea negotiations in two separate cases in two federal districts.

Since the time of appointment, counsel has met with Mr. Agazaryan in person, on video, and telephonically. Counsel has also spoken with counsel in the Central District of California where Mr. Agazaryan has signed an agreement where he will serve a ten-year federal sentence.

In the course of communicating with Mr. Agazaryan, it became apparent that his concerns mostly stemmed from a lack of communication.

Mr. Agazaryan is under the impression that he would not be reinterviewed by Probation in the Central District of California after his Nevada sentencing. Because he believed the current District of Nevada PSR would be the only document received by the federal Bureau of Prisons, Mr. Agazaryan became very

concerned the current PSR does not adequately relate his medical and mental health condition, which are severe.

The error was partly the product of poor advice Mr. Agazaryan received in custody which led him to believe that his prison security classification score would be enhanced because of medical conditions. This impression is inaccurate. In fact, it is pivotal for inmates to properly document their medical conditions and need for prescription medication in the PSR so as to ensure the federal Bureau of Prisons (BOP) will address that medical care. *Cf., e.g., United Horvath*, 492 F.3d 1075, 1078 (9th Cir. 2007) (explaining that Federal Rule of Criminal Procedure 32(d) requires a presentence report contain a rendition of the defendant's "history and characteristics").

The accuracy of the PSR is critical because it is used not only for sentencing. The BOP will use the report to determine many inmate care and placement decisions. For this and other reasons, the inclusion of verified information, particularly regarding medical and psychological impairments and challenges, is required. *See* Fed. R. Crim. P. 32(d)(2)(B); *accord United States v. Schlette*, 842 F.2d 1575, 1578 (9th Cir. 1988) ("The presentence report not only assists the district court in sentencing a defendant . . . The report also is used by the Bureau of Prisons and the Parole Commission in assessing the prisoner for purposes of incarceration, treatment and, eventually, release." (internal citation omitted)). This ensures that the PSR provides reliable data for sentencing and correctional purposes.

In the case at bar, Mr. Agazaryan's concerns and initial inclination to withdraw his plea stemmed from his confusion about aspects of his plea agreement and the contents of the PSR. Most important, Mr. Agazaryan developed a growing concern that his medical concerns will not be addressed in custody. After consultation with Mr. Agazaryan, current counsel has been able to address some of his concerns. Current counsel does, however, share Mr. Agazaryan's fear that the current PSR does

3

not adequately address his medical conditions, the prescription medications he is required to take, and other aspects of medical intervention and placement.

To rectify this failing, and to prevent the unraveling of the plea agreements in both this District and the Central District of California, Mr. Agazaryan is respectfully requesting that the Office of Probation be allowed to revise the current PSR to include updated medical condition information. This update will not change the current's PSR's Sentencing Guideline calculations or factual narrative regarding the offenses.

Contact with counsel for the United States and the Office of Probation reveals that neither entity objects to updating Mr. Agazaryan's PSR to include updated medical information.

The authority of this Court to sanction this amendment is clear. Federal Rule of Criminal Procedure 32(b)(2) allows a court to, for good cause, change any of the time limits prescribed in the Rule. Mr. Agazaryan respectfully requests that good cause exists here because the changes requested to the PSR will assist BOP in ensuring Mr. Agazaryan is placed in a facility that will ensure he receives adequate medical care, while also providing an opportunity for substance abuse treatment and other life skills that will further Mr. Agazaryan's rehabilitation.

Granting this Motion will also promote judicial economy. There are two plea agreements at issue in two different jurisdictions. Allowing the Nevada Office of Probation to address the medical information deficiency will help to preserve the existing negotiations and prevent the substantial expenditures of both time and money that will occur if both cases proceed to trial.

For these reasons, Mr. Taron Agazaryan respectfully asks that this Court enter an Order allowing the Office of Probation to revise Mr. Agazaryan's PSR to include the updated medical information that he has already provided to the Office of Probation.

Dated this 9th Day of April, 2025.

                                        Respectfully submitted,

                                        HOFLAND AND TOMSCECK

                                        */s/ Jason F. Carr*
                                        JASON F. CARR, ESQ.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: April 16, 2025

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing **Unopposed Motion** with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                            */s/ Jason F. Carr, Esq.*
                                            Hofland and Tomsheck